# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROLYN DOKE, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN MEMORIAL LIFE )<br>INSURANCE COMPANY; TRUSTAGE )<br>FINANCIAL GROUP, INC.; )<br>ASSURANT, INC.; and ORCA LIFE, )<br>LLC, )<br>)<br>   Defendants. ) | Case No. 25-cv-284-JFH-GLJ |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Carolyn Doke's Motion to Remand. Plaintiff instituted this action in state court in Okmulgee County, Oklahoma against the above-named Defendants. American Memorial Life Insurance Company ("AMLIC") and TruStage Financial Group, Inc., ("TruStage") removed this action based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. *See* Docket No. 2 ("Notice of Removal"). Plaintiff now seeks to have the case remanded to state court because removing defendants failed to establish federal court jurisdiction based on diversity jurisdiction. The Court referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, in accordance with 28 U.S.C. § 636(b). *See* Docket No. 35. For the reasons set forth below, the undersigned

Magistrate Judge finds the Plaintiff's Motion to Remand [Docket No. 25] should be GRANTED.

## Procedural History

Plaintiff, an Oklahoma resident, filed this action on July 8, 2025, in state court in Okmulgee County, Oklahoma, in Case No. CJ-2025-130. Plaintiff asserts claims against AMLIC, TruStage and Assurant for breach of contract and breach of the duty of good faith and fair dealing and against all defendants for fraud/deceit, negligent procurement of insurance, civil conspiracy, and punitive damages. *See* Docket No. 2, Ex. 1. On August 13, 2025, AMLIC and TruStage ("Removing Defendants") removed this action based on diversity jurisdiction because Plaintiff is a resident of the State of Oklahoma and AMLIC is a company under the laws of the State Iowa and with its principal place of business in the State of South Dakota[1], TruStage is a corporation under the laws of the State of Iowa with its principal place of business in the State of Wisconsin, Assurant is a corporation under the laws of the State of Delaware with its principal place of business in the State of Georgia, and Orca is a limited liability company under the laws of the State of Delaware with its principal place of business in Kentucky. *See* Docket No. 2, ¶¶ 6-10. Removing Defendants further stated that the sole member of Orca is AL Marketing LLC, exists under the laws of the State of Florida with its principal place of business in the State of Florida. *Id*, ¶ 11. Removing Defendants assert that "none of the Defendants is a citizen of Oklahoma." *Id*., ¶ 12.

---

[1] Subsequently, AMLIC's disclosure statement stated it is a corporation incorporated in the State of South Dokota with its principal place of business in the State of South Dakota. *See* Docket No. 15.

On August 29, 2025, Removing Defendants filed their Amended Notice of Removal in which they further set out that Orca has two members, AL Marketing, LLC and Orca Life Holdings, LLC. *See* Docket No. 24, ¶ 11. Removing Defendants further state that the sole member of Orca Life Holdings, LLC is Glenn Crabtree, who is a citizen of Kentucky. *Id*. Removing Defendants further set out the succeeding seven layers of members of AL Marketing, LLC, which are all limited liability companies, the last of which is Accelerate Topco Holdings LLC. *Id*. Removing Defendants then state, "Accelerate Topco Holdings, LLC has several dozen members, none of whom are citizens of Oklahoma." *Id*. Removing Defendants do not identify any of the individual members of Accelerate Topco or those members' citizenship.

Although Assurant did not join the Removing Defendants in the removal, Removing Defendants state that they conferred with counsel for Assurant and it consents to removal. *See* Docket No. 2, ¶ 23. Although Orca was served with summons and a copy of the Petition on July 15, 2025, *see* Docket No. 23, Orca did not join in the removal and Removing Defendants do not state Orca's position regarding removal. *See* Docket Nos. 2 & 24.

## Analysis

### I.     Legal Standard

Federal courts are courts of limited jurisdiction, with subject matter jurisdiction only over matters authorized by the U.S. Constitution or by Congress. *See* U.S. Const. art. III, § 2, cl. 1, & *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1332(a), diversity jurisdiction generally requires complete

diversity of parties (where claims are between citizens of different states) and an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs." *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094-1095 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109 (1941); *United States ex rel. King v. Hillcrest Health Ctr.,* 264 F.3d 1271, 1280 (10th Cir. 2001)). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002); *see also McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 182 (1936). "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 332, 333 (10th Cir. 1982).

**II.     Remand**

**A. Allegations Supporting Diversity Jurisdiction**

Plaintiff moves to remand this matter to state court because the Removing Defendants fail to sufficiently alleged complete diversity among the defendants and Plaintiff. Specifically, Plaintiff argues that Removing Defendants only identify AMLIC as a "company" existing under the laws of the State of Iowa with its principal place of business in Wisconsin.[2] Moreover, Plaintiff argues Removing Defendants do not identify

---

[2] This is incorrect as both the Notice of Removal and Amended Notice of Removal identify AMLIC's principal place of business as South Dakota. *See* Docket No. 2, ¶ 7 and No. ¶ 7.

the members of the last limited liability company in Orca's chain of ownership, instead only providing a negative allegation that none of the dozens of members of Accelerate Topco Holdings LLC are citizens of Oklahoma.

As to AMLIC, the undersigned Magistrate Judge finds the Removing Defendants adequately show AMLIC to be diverse. While not a model of clarity, to the extent there was any ambiguity as to AMLIC's legal status and citizenship, AMLIC's disclosure statement clearly identifies it as a corporation incorporated in the State of South Dokota with its principal place of business in the State of South Dakota. *See* Docket No. 15.

As to Orca, however, the undersigned Magistrate Judge finds that Removing Defendants fail to meet their burden of establishing diversity subject-matter jurisdiction. "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). "[A]n LLC, as an unincorporated association, takes the citizenship of all its members." *Gerson v. Logan Academy*, 20 F.4th 1263 n.2 (10th Cir. 2021) (quoting *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015)). "[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through *however many layers of partners or members there may be* to determine the citizenship of the LLC." *Id*. (emphasis added) (*quoting Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (internal quotation marks omitted)).

Although Removing Defendants cite *Gerson* for the proposition that they must trace through however many layers of members of the various LLCs in the ownership

-5-

chain of Orca to determine its citizenship, they argue they are somehow exempt from such requirement here because of the number of layers of Orca's ownership and that they can satisfy their burden through a simple negative allegation of citizenship. Removing Defendants support this proposition by arguing that there is no Tenth Circuit precedent requiring a moving defendant to affirmatively allege the citizenship of members of sub-members of an LLC defendant and cite to *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3d Cir. 2015) and *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082 (9th Cir. 2014) as supporting its use of a negative allegation. Removing Defendants are wrong.

As noted above, *Gerson* is Tenth Circuit authority that specifically requires that the citizenship of an unincorporated entity such as an LLC "must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Gerson*, 20 F.4th at n.2. Nothing in *Gerson* places a limit on the number of layers for which such tracing is required, but instead it states such tracing must occur for however many layers are required to make the citizenship determination. Moreover, Moving Defendant's reliance on *Lincoln Ben.* and *Carolina Cas.* is misplaced. Both cases address the pleading requirement under Fed. R. Civ. P. 8(a) where the case was initiated in federal court, not removed from state court. As noted in *Lincoln. Ben.*, Rule 8(a) only "requires the complaint to provide 'a short and plain statement of the grounds for the court's jurisdiction.' Beyond stating that the jurisdictional allegations should be 'short and plain,' the Rule does not specify the level of detail required to adequately plead the 'grounds' for federal jurisdiction." 800 F.3d at 106. In contrast, "[Removing]

-6-

Defendants, as the proponents of federal jurisdiction, must specifically identify and state the citizenship of each member of each unincorporated association." *Gwilt v. Harvard Square Retirement & Assisted Living*, 537 F.Supp.3d 1231, 1245 (D. Colo. 2021). Thus, Moving Defendants must identify the citizenship of every member of every LLC in the Orca ownership chain, including all members of Accelerate Topco Holdings LLC.

Additionally, Removing Defendants' argument that the number of ownership layers of Orca allow them to rely on a negative statement of citizenship is not supported by any authority and is contrary to underlying rational of *Gerson*. It is well recognized that removing defendants may not rely on a negative allegation of citizenship of an LLC's members and sub-members but must instead "specifically identify" each member of that entity, through every layer of ownership until either an individual member or corporate owner is reached. *Harris v. Estrada*, 2025 WL 1077159, at *2 (D. N.M. April 10, 2025) (citing *Hummell v. MV Realty of Kansas LLC*, 2022 WL 14624984, at *2 (D. Kan. Oct. 25, 2022) (emphasis added)). *See, e.g.*, *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-26 (1st Cir. 2011) (negative allegations of citizenship are insufficient); *Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1226 (11th Cir. 2017); *PDII, LLC v. Sky Aircraft Maintenance, LLC*, 2024 WL 4349081, at *3 (M.D. N.C. Sept. 30, 2024) (a removing party pleading negative allegations of citizenship is insufficient); *Empirian Health, LLC v. Specialty RX, Inc.*,

2022 WL 17419342, at *1 (M.D. Ala. Dec. 5, 2022) (a negative statement of citizenship is generally not sufficient); *Tubwell v. Specialized Loan Service LLC*, 2017 WL 1450598, at *3 (N.D. Miss. April 12, 2017) (a negative allegation is not a distinct and affirmative allegation of citizenship); *Brown v. Diversified Maint. Sys., LLC*, 2016 WL 3207712, at *3 (W.D. N.Y. June 10, 2016) (holding that defendant limited liability company's notice of removal was insufficient where it "never affirmatively state[d] its citizenship" and instead "offer[ed] only conclusory negative assertions" that both it and its sole member were "not citizens of New York"); *Jud Enters., Inc. v. Lexington Ins. Co.*, 2010 WL 4259613, at *2 (M.D. Pa. Oct. 21, 2010) ("The [defendant's] conclusory allegation that [it] is not a citizen of Pennsylvania is insufficient to meet [its] burden on removal of showing complete diversity."). These authorities are persuasive and in line with the conclusion in *Gerson* that citizenship must be traced through however many layers are necessary.

Removing Defendants also argue that they should not be required to identify every member because Orca has not cooperated in providing the necessary information. Again, Removing Defendants reliance on *Carolina Cas.* is misplaced. In *Carolina Cas.*, not only was the case initiated in federal court with a lower pleading standard for diversity jurisdiction under Rule 8(a), but the missing information was in the possession of the opposing party, as opposed to a co-defendant. 741 F.3d at 1087. While Plaintiff argues Orca is the agent of AMLIC and/or TruStage, irrespective of whether such relationship exists it is unclear why Orca's refusal to cooperate should absolve Removing Defendants from their obligation to identify the citizenship of every layer of Orca's ownership chain.

As a served defendant, Orca cannot hide the citizenship of its members from either the Court or its co-defendants and still expect to establish diversity jurisdiction. *See U.S. Advisor, LLC v. Berkshire Prop. Advisors, LLC*, 2009 WL 2055206, at *3 (D. Colo. July 10, 2009) ("Ultimately, the limitations that Congress has placed on federal courts' diversity-based jurisdiction require certain LLCs to decide between maintaining their members' anonymity and having their cases heard in federal court."). Indeed, the exception sought by Removing Defendants could promote gamesmanship among co-defendants in hiding the citizenship of sub-LLC members to facilitate removal where it would otherwise not be permitted.

Removing Defendants alternatively request that the Court defer any ruling on the Motion to Remand to give them time to conduct limited jurisdictional discovery. While Plaintiff argues there is no authority to stay a motion to allow such limited jurisdictional discovery, *but see Misner v. State Farm Fire & Cas. Co.*, 2014 WL 6879094, at *6-7 (W.D. Okla. Dec. 4, 2014), the undersigned Magistrate Judge need not address this request because, as discussed below, the Motion to Remand should be granted on other grounds.

B. **Rule of Unanimity**

In her Reply, Plaintiff raises a new argument that remand is proper because Removing Defendants failed to obtain Orca's consent to removal. Plaintiff argues that even though Orca was served on July 15, 2025, before the Notice of Removal was filed on August 13, 2025, it did not join in or consent to the removal. In addition to Orca not

filing an answer timely in this matter,³ Removing Defendants indicate Orca refused to cooperate with it in identifying its members.  *See* Docket No. 29, p. 3.  Thus, although Orca has not answered in this matter, it apparently has been in communication with Removing Defendants about the case.

The Court will generally not consider arguments raised for the first time in a Reply.  *See Kientz v. Comm'r, SSA*, 954 F.3d 1277, 1286 n.7 (10th Cir. 2020) (citing *In re: Motor Fuel Temperature Sales Practices Litig.*, 872 F.3d 1094, 1112 n.5 (10th Cir. 2017) (observing that "arguments raised for the first time in a reply brief are waived")). *See also*, *3484, Inc. v. National Labor Relations Board*, 137 F.4th 1093, 1113 (10th Cir. 2025) (citations omitted); *Sullivan v. Graham*, 2025 WL 19833231, at n. 2 (D. Kan. July 17, 2025)).

Nonetheless, the undersigned Magistrate Judge is also mindful that "[i]n every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action."  *Gwilt*, 537 F.Supp.3d at 1236 (citing *Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980)).  "[A] federal court must remand a removed action back to state court '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'"  *Salzer v. SSM Health Care of Okla., Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (quoting 28 U.S.C. § 1447(c)).  Thus, the undersigned

---

³ Although Plaintiff has not sought a default, on October 23, 2025, the Court issued a notice that the claims against Orca will be dismissed for lack of prosecution if no action is taken by November 24, 2025.  *See* Docket No. 34.

Magistrate Judge considers *sua sponte* whether Removing Defendants complied with 28 U.S.C. § 1446(b)(2)(A).

Removal to federal court is appropriate only if all properly joined and served defendants join in or consent to the removal. *Archer v. All My Sons Moving & Storage of Tulsa, Inc.*, 2017 WL 6442100, at *2 (E.D. Okla. Dec. 18, 2017). *See also Bruning v. City of Guthrie*, 101 F.Supp.3d 1142, 1144 (W.D. Okla. 2015) ("[Section 1446(b)(2)(A)] is the current statutory embodiment of the 'unanimity' rule long recognized in federal law, which requires that all defendants join in or consent to the removal."). Neither the U.S. Supreme Court nor the Tenth Circuit has resolved what form a served co-defendant's joinder or consent must take to satisfy the unanimity requirement where the co-defendant has not formally joined the Notice of Removal. *See McLaughlin v. Ford Motor Co.*, 603 F.Supp.3d 1079, 1082 (N.D. Okla. 2022). In addition to a split of the Circuit Courts of Appeals, district courts within the Tenth Circuit are split with some requiring each defendant to "independently and unambiguously file their consent and intent to join in the removal[]" and others holding that "a notice of removal signed and filed by an attorney for one defendant, representing unambiguously that the other defendants consent to the removal, satisfies the requirement of consent." *Id*. at 1082-83 (compiling cases).

Removing Defendants fail under either standard. Orca did not independently file a consent to the removal. Similarly, although Removing Defendants affirmatively state that they conferred with counsel for Assurant and it consented to removal, *see* Docket No. 2, ¶ 23, no such statement of consent was provided for Orca. Having failed to

unambiguously demonstrate that all served defendants join in or consent to the removal of this action, Removing Defendants fail to meet their burden under the unanimity requirement of 28 U.S.C. § 1446(b)(2)(A). Moreover, the undersigned Magistrate Judge is unaware of any exception to the unanimity rule where a non-consenting defendant is in default.[4] Thus, this matter should be remanded to state court.

## Conclusion

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiff's Motion to Remand [Docket No. 25] should be GRANTED and this case REMANDED to the District Court of Okmulgee County, Oklahoma. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objection and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**DATED** this 24th day of October, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] In *First Independent Bank v. Trendventures, L.L.C.*, 2008 WL 253045, at n.11 (E.D. Mich. Jan. 20, 2008), the court stated it was unaware of "any federal law in support of the creation of [a non-appearing, defaulted defendant] exception and the exception has not been recognized by the Sixth Circuit. Nor has it been recognized by any federal appellate court, to this Court's knowledge. The Court also notes that the two most prominent and respected treatises on federal practice and procedure likewise do not mention such an exception to the rule of unanimity in their respective discussions on the topic. *See* MOORE'S FEDERAL PRACTICE at ¶ 107.11[ 1 ][d] (under the heading "Special Cases in Which Not All Defendants Need to Join") and 14C WRIGHT, MILLER & COOPER, at § 3731, pp. 267-277 (discussing the exceptions to the rule of unanimity)."